SOUTHERN MIRROR COMPANY v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 6 November, 1918.)

1. **Railroads— Negligence— Evidence— Cars at Grade— Proximate Cause— Questions for Jury—Nonsuit.**

Where the evidence tends to show that the defendant railroad company left its cars on a siding where it knew children were in the habit of playing, unlocked and insecurely blocked to prevent their rolling down a steep grade; and several children, on the occasion complained of, unblocked the cars, which ran down the grade and struck and injured plaintiff's team while being loaded according to his custom, of which the defendant had knowledge; that the defendant had failed to provide a derailer, which would have avoided the injury, and its cars, so placed, had on other occasions ran down this grade, causing damage under like circumstances: *Held*, sufficient to show defendant's actionable negligence, and its proximate cause of the injury, to take the case to the jury.

2. **Same—Intervening Negligence.**

Where cars negligently left by defendant railroad company at a downgrade have been set in motion by children accustomed to play there, and cause damage to the plaintiff's property, the defense of intervening negligence is not available.

3. **Railroads—Negligence—Third Persons—Concurring Causes—Actions.**

Where defendant railroad company's negligence concurs with that of another, in setting cars, left at a down-grade, in motion, to the plaintiff's

injury, the concurrent act of the other party will not relieve the defendant of liability.

APPEAL by plaintiff from *Lane, J.,* at September Term, 1918, of FORSYTH.

This was an action for injuries to property caused by the negligence of the defendant, tried before *Starbuck, J.,* at June Term, 1918, of the County Court of Forsyth. The jury found all the issues in favor of the plaintiff and assessed his damages at $700. On appeal by defendant to the Superior Court, before *Lane, J.,* at September Term, 1918, of Forsyth, he found error in the proceedings below and held that the motion for nonsuit should have been sustained and dismissed the action. From this judgment the plaintiff appealed.

*Manly, Hendren & Womble for plaintiff.*
*Theodore W. Reath and Craige & Vogler for defendant.*

CLARK, C. J. This is an action for damage to the plaintiff's property by certain cars standing upon a siding on the defendant's road in a few feet, or on the edge, of a heavy grade, which, being set in motion by the action of a negro boy in releasing the brake and removing the brick with which it was blocked, ran violently down said grade.

On 27 April, 1917, the plaintiff's wagon with two horses hitched to it was standing by the plaintiff's platform, on which were being loaded mirrors and glass, when three box cars loaded with lumber which had been left by the defendant on the side track near the top of the grade above the plaintiff's plant tore down the steep track and, striking plaintiff's wagon, dragged the wagon and team through the heavy gate, demolishing the wagon and harness, breaking and damaging several mirrors, and badly injuring the two horses.

It was in evidence that there was no derailer or other devise to stop cars, such as are in general use; that this grade was steep and dangerous, and that on former occasions while the cars were being shifted on said siding cars had gotten away and had run down this grade by the plaintiff's warehouse as on this occasion. Also, that a large number of colored people lived near this siding, and that boys and children were accustomed to play about the place where these cars were left; but that the defendant notwithstanding its knowledge of this fact left three loaded cars standing near the top of said grade and failed to provide derailers or other device to prevent the cars starting, and did not lock the brakes nor securely chock the wheels.

Essick Fields, a colored boy 16 years old, who started the cars in motion, testified that he and two other little darkies were playing on these box cars; that all three of them went on top of the cars and turned

the brakes loose, and then put them back; that then they came down and took the brick out from under the wheel and then they stuck it back, but the cars, which had started, smashed the brick and kept on down the grade. He further testified, on cross-examination, that when he and his companions went up on the cars he loosened one brake on the middle car; that it was not tight at all and he had no trouble in getting it aloose; that the brick chock under the wheel of the front car was a small-sized brick and he pulled it out easily with his hand; that there was no other chock on the wheel; that when he pulled the brick out the car started rolling; immediately he put the brick back, but the car smashed the brick into sand and went on; that he was the biggest of the three. His younger brother testified that the cars didn't start when they took the brakes off, but as soon as they took the brick out the cars started rolling; that though he put the brick back under there the car just smashed the brick up and went on.

*Judge Starbuck,* in charging the jury, told them that if they found that the cars were fastened with such care as the circumstances required, unless tampered with, to answer the issue as to negligence "No," unless the jury should find: (1) That the defendant knew or could have known, in the exercise of ordinary care, that children had been (in the habit of) playing around the cars; (2) that the defendant company had reason to apprehend that the boys were likely in their play to tamper with and loosen the fastening of the car; (3) that the defendant failed to exercise the care in fastening the cars that this knowledge demanded, and (4) that if due care had been exercised the cars would not have been loosened by the children and the injury caused to the plaintiff's property.

The jury found that the property of the plaintiff was injured by the negligence of the defendant, as alleged in the complaint; that plaintiff did not contribute to the injury to its property by its own negligence, as alleged in the amended answer, and that the plaintiff was entitled to recover $700.

The above states the essential facts, and the jury were justified upon the evidence in finding that the defendant was guilty of negligence. It had three cars on the siding upon or near the edge of a steep grade above the plaintiff's platform, where he was in the habit of loading and unloading furniture, of which fact the defendant was aware.

It was in evidence also that of the three cars on this siding only two were tied—*i. e.,* had the brakes "set"; that the defendant knew that numerous children lived in the neighborhood, and that many of them were in the habit of playing around this siding; that the brakes were not locked, and that the only chock was one small brick, which was insufficient to stop the cars when they began to roll down the siding, and that by reason of the cars getting away and the failure of the defendant

to have a derailer to keep the cars from smashing into defendant's wagon and team, injury to them and also damage to the furniture loaded therein resulted.

This is not the case of an injury caused by an intervening negligence, independent of the defendant's negligence, and without which an injury would not have occurred, but the negligence of the defendant furnished the means by which thoughtless children, without malice or intent, started the cars in motion, which wrecked the plaintiff's property. The defendant should have foreseen this and guarded against such occurrence.

The witness Kinney, one of the defendant's brakemen, who assisted in placing these cars, testified that he had seen children on cars on this siding three or four times, and that cars had gotten from under control of the train crew and run down this grade doing damage prior to this time, and that on one occasion two cars had gotten loose and run down the grade in the night-time when no members of the crew were present.

There were other exceptions, but they do not require discussion. The chief controversy, as stated in both briefs, is whether or not the defendant's motion for judgment of nonsuit should have been sustained. The defendant contends that it was not an insurer, which is true; still it was liable for injury to plaintiff's property, caused by its negligence, as found by the jury upon sufficient evidence of proximate cause.

It is true that the act of the boy or boys in removing the brick chock preceded the starting of the car, but the position of the cars on a slight grade, near the edge of a steeper grade, insufficiently secured by brakes which were not locked, and without safe chocks, transmuted the force of gravity into motion and was the latest and proximate cause. If the cars had not been on a grade, negligently secured, the boy could not have started them. But if the act of the boy and the negligence of the defendant were concurrent, then the plaintiff could sue both or either. *Ridge v. R. R.,* 167 N. C., 510.

Upon consideration of all the grounds assigned in the judgment of *Lane, J.,* in the Superior Court, we think the judgment should be reversed, and that of *Starbuck, J.,* in the County Court, should be reinstated and affirmed.

Reversed.